```
┌──────────────────────────────┐
│ USDC-SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC#:                        │
│ DATE FILED:                  │
└──────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANA DISLA GUZMAN, RENSO BRITO,
and HECTOR DEL ORDEN,

                    Plaintiffs,

            v.

EVANS DELIVERY CO. INC., PINNACLE
FREIGHT LINES, US40 LOGISTICS INC.,
SARMIENTO TRUCK SALES LLC, and
KEARNY POINT,

                    Defendants.

---

No. 23-CV-3536 (RA)


MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On July 21, 2022, Plaintiffs Ana Disla Guzman, Renso Brito, and Hector Del Orden filed

this action in the Supreme Court of New York, Bronx County against Defendants Evans Delivery

Co. Inc., Pinnacle Freight Lines, US40 Logistics Inc., Sarmiento Truck Sales LLC, and Kearny

Point, seeking damages arising out of a motor vehicle accident allegedly caused by Defendants'

negligence ("*Guzman I*"). Guzman was the driver of Plaintiffs' vehicle in which Brito and Del

Orden were passengers, and their vehicle was allegedly struck by a tractor trailer registered under

Defendants' names. The driver of the tractor trailer was later identified as an individual named

Guillermo Mayol.

On March 21, 2023—eight months after Plaintiffs filed *Guzman I*—Brito and Del Orden

filed a separate state court action against Guzman, alleging negligence on her part as well

("*Guzman II*"). *See* ECF No. 12. On April 27, 2023, Defendants removed the instant action,

*Guzman I*, to federal court based on diversity jurisdiction. Plaintiffs have since sought, through a

series of shifting arguments, to remand this case back to state court. *See* ECF Nos. 12, 22, 23.

Plaintiffs filed a first motion to remand on May 23, arguing that *Guzman I* should be consolidated with *Guzman II* in state court as a matter of "fundamental fairness."  ECF No. 12 (the "Consolidation Motion").  After several letters back and forth with Defendants, Brito and Del Orden filed another motion on July 10, this time seeking leave to join Guzman—the same individual who is currently a co-plaintiff in the instant action—as a defendant, which would destroy diversity of citizenship and require remand.  ECF No. 22 (the "Joinder Motion").  Guzman, on the other hand, continues to argue that the case should be remanded for consolidation purposes, because it would be "highly prejudicial to [P]laintiff Guzman to have to defen[d] an action in State Court while simultaneously prosecuting the instant action as a plaintiff in the within Court [sic], when both actions are based upon the same incident."  ECF No. 23.  All three Plaintiffs also seek to join Mayol as a defendant, to which Defendants do not object.  The Court addresses each request in turn, beginning with the Joinder Motion.

## I.     Joinder Motion

Brito and Del Orden seek to join Guzman as a defendant in this action, even though all three are currently co-plaintiffs.  Claims brought against a co-party, however, are properly asserted as crossclaims pursuant to Federal Rule of Civil Procedure 13(g).  *See* Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action . . . .").  The requested joinder of Guzman is thus denied, because any claims brought against her by her co-plaintiffs should be asserted as crossclaims.  *See Burrell-Hamilton v. Oden*, 2020 WL 1271366, at *2 (S.D.N.Y. Mar. 16, 2020) (denying the plaintiff's motion to join his co-plaintiff as a third-party defendant, because "any claim by [the plaintiff] against [his co-plaintiff] would proceed by way of a cross-claim pursuant to [Rule] 13(g)").  If Brito and Del Orden would like to assert such

2

crossclaims, they may request leave to do so.  That said, the Court notes that asserting a crossclaim against a non-diverse co-party does not defeat subject matter jurisdiction.  *See id.* ("Federal courts have supplemental jurisdiction over cross-claims between non-diverse co-parties under 28 U.S.C. § 1367(a).") (collecting cases); *Hammond v. Toy Industry Ass'n, Inc.*, 8 F. Supp. 3d 484, 488 (S.D.N.Y. 2014) ("With respect to the cross-claims . . . the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) wherever diversity jurisdiction does not exist.").  Thus, even if Brito and Del Orden were to add crossclaims against Guzman, that would not form a basis for remand.

The requested joinder of Mayol, on the other hand, is granted.  Under Federal Rule of Civil Procedure 20, defendants may be joined in one action where the relief asserted against them "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences," or if there is "any question of law or fact common to all defendants" in the action.  Fed. R. Civ. P. 20(a)(2).  Plaintiffs assert that Mayol was driving the tractor trailer that collided with their vehicle, and that the accident resulted in part from his negligence when changing lanes.  *See* ECF No. 22 at 1.  Mayol is thus a proper party to this action.[1]

---

[1] During the letter exchange between the parties with respect to the Consolidation and Joinder Motions, Defendants also argued, based on documentation produced in response to the Motions, that Defendant Kearny Point was "wrongly named in this action" and has "no real connection with the controversy."  ECF No. 20.  The Court ordered Plaintiffs to demonstrate why Kearny Point is a proper party.  ECF No. 21.  In response, Plaintiffs Brito and Del Orden conceded that "the non[-]diverse Defendant KEARNY POINT is not a proper party to this action."  ECF No. 22.  Plaintiff Guzman expressed no view on the matter.  ECF No. 23.  Kearny Point has also asserted that it "should be dismissed from this action," because it "did not own, lease, control, manage or operate the vehicles involved in the action."  ECF No. 25.  Finding good cause, and with no opposition from Plaintiffs, the Court dismisses Defendant Kearny Point from this action pursuant to Federal Rule of Civil Procedure 21.  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

## II.    Consolidation Motion

It is unclear to the Court whether Plaintiffs Brito and Del Orden still seek to pursue their Consolidation Motion, given their filing of the Joinder Motion asserting an alternative basis for remand.  In any event, the Consolidation Motion is without merit.  In their original letter-motion, Plaintiffs argued that remand and consolidation should be granted "to avoid wasting judicial resources and to avoid prejudicing [t]he parties by having a case arising out of the same alleged incident, for which the defendants maybe [sic] held jointly, severably [sic], or alternatively liable, litigated in two separate actions."  ECF No. 12.  In her subsequent letter, Guzman similarly asserts that defending *Guzman II* in state court while prosecuting *Guzman I* in federal court would be "highly prejudicial" to her.  ECF No. 23.

The only authority cited by any of the three Plaintiffs is *Vanderzalm v. Sechrist Industries Inc.*, 875 F. Supp. 2d 179, 185 (E.D.N.Y. 2012).  *See* ECF No. 12.  There, the court construed the parties' remand motion as a motion brought under 28 U.S.C. § 1447(e), which provides: "If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  There are two steps to this analysis: first, the proposed joinder must satisfy Federal Rule of Civil Procedure 20, and second, courts consider "principles of fundamental fairness," including "(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to [the] defendant; (3) likelihood of multiple litigation; and (4) [the] plaintiff's motivation for the amendment."  *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003).  In *Vanderzalm*, the plaintiffs did not explicitly seek to join a diversity-destroying defendant—instead, they sought to remand the federal action so that it could be consolidated with a parallel state action.  Nonetheless, the court conducted the two-step analysis under § 1447(e) and

granted the plaintiffs' motion to remand, finding that it would be "fundamentally fair" to do so. 875 F. Supp. 2d at 189.   In particular, the court reasoned that remand "would promote judicial efficiency by preventing redundant discovery and witness testimony at two separate trials." *Id.* at 187.

At least one court in this district, however, has since cast doubt on *Vanderzalm*'s approach. *See Kurtz v. Uber Techs.*, *Inc.*, 2021 WL 4777973, at *4-5 (S.D.N.Y. Oct. 13, 2021)  In *Kurtz*, Judge Engelmayer observed that *Vanderzalm* "found broader discretion to remand than textually afforded by § 1447(e)," and he reasoned that such an approach "sit[s] uneasily alongside the text of § 1447(e), which affords a limited charter for a remand following a proper removal based on circumstances that undisputedly are not present here," namely, "an attempt by the plaintiff to join a diversity-destroying defendant."  *Id.*  Judge Engelmayer further explained that the procedural posture of *Kurtz*—where the plaintiff filed her two actions eleven months apart, and "inexplicably" did not move to consolidate those actions until three months later, when the second action had already been removed to federal court—counseled against granting a discretionary remand, because "[the plaintiff] is responsible for the predicament in which she now finds herself; pursuing tort claims against separate defendants, one in state court and the other in federal court, arising out of the same automobile accident." *Id.* at *5; *see also Linzy v. Uber Techs., Inc.*, 2022 WL 375595, at *3 (S.D.N.Y. Feb. 8, 2022) (discussing *Kurtz* and similarly denying the plaintiff's motion to remand because of her inexplicable delays in filing the second action and moving for consolidation, noting that "these missteps in [the plaintiff's] litigation strategy do not compel a discretionary remand").

So too here.  Brito and Del Orden waited eight months between filing *Guzman I* against Defendants and filing *Guzman II* against Guzman, and they have offered no explanation for this

delay. Indeed, Plaintiffs assert that "[t]he Law office that filed the State Court action had an obvious conflict in representing the driver (Guzman) [as] well as both passengers (Brito and Del Orden)," but they do not explain why such an "obvious" conflict was not corrected for at least eight months. ECF No. 12. And, like in *Kurtz*, Plaintiffs did not seek consolidation of these two actions until *after* Defendants removed *Guzman I* to federal court, despite the fact that *Guzman I* was not removed until one month after *Guzman II* was filed. Plaintiffs again offer no explanation for this delay, except to assert, in a conclusory manner, that "Plaintiff[s] have not delayed in seeking the consolidation." ECF No. 12. Thus, as was the case in *Kurtz*, Plaintiffs are entirely "responsible for the predicament in which [they] now fin[d] [themselves]; pursuing tort claims against separate defendants, one in state court and the other in federal court, arising out of the same automobile accident." *Kurtz*, 2021 WL 4777973, at *5.

Moreover, the Court agrees with *Kurtz* that granting a § 1447(e) remand where the plaintiff does not actually seek to join a diversity-destroying defendant "sit[s] uneasily" with the text of the statute. *Kurtz*, 2021 WL 4777973, at *5. As discussed, Plaintiffs do not propose the joinder of any diversity-destroying defendants, because any claim brought by Brito and Del Orden against Guzman must be asserted as a crossclaim under Rule 13(g). The joinder of Mayol also does not affect diversity jurisdiction, because all parties agree that he is diverse from Plaintiffs. Therefore, § 1447(e) is not strictly available to Plaintiffs as a vehicle for remand, and the Court declines to reach beyond the text of the statute here.[2]

---

[2] In the Consolidation Motion, Plaintiffs also made a separate argument with respect to the sufficiency of Defendants' Notice of Removal, namely, that they failed to identify the citizenship of all members of the LLC-defendants. *See* ECF No. 12. Defendants subsequently cured these defects through a letter response. *See* ECF No. 20.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for leave to join Mayol as a defendant is granted; Brito and Del Orden's motion for leave to join Guzman as a defendant is denied; and Plaintiffs' motion to remand on consolidation grounds is denied.  If Brito and Del Orden wish to file a crossclaim against Guzman, they may do so no later than October 19, 2023. Defendant Kearny Point is dismissed from this action.  *See supra* note 1.

The parties shall appear for an initial status conference on October 25, 2023 at 2:00 p.m. Unless the parties request otherwise, the Court will hold this conference by telephone.  The parties shall use the following dial-in information to call in to the conference: Call-in Number: (888) 363-4749; Access Code: 1015508.  This conference line is open to the public.  In addition, no later than one week prior to the conference, the parties shall jointly file a proposed case management plan and scheduling order.  A template for the order is available at https://nysd.uscourts.gov/hon-ronnie-abrams.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 12.

Dated:    October 5, 2023
          New York, New York

_____
Ronnie Abrams
United States District Judge